CLOVE VALLEY ROD AND GUN CLUB, Plaintiff, *v.* MARY A. BURNS, Defendant.*

(Supreme Court, Dutchess Special Term, May, 1918.)

*Water and water courses — adverse user of water in brook — prescriptive right — injunction granted.*

ACTION for an injunction.

Morschauser & Mack, for plaintiff.

Brigham & Wilson, for defendant.

YOUNG, J.  I have carefully examined the evidence and exhibits in this case, and have come to the conclusion that the plaintiff is entitled to maintain this action.  It seems to me that the testimony and the various deeds and conveyances in evidence show that plaintiff has acquired the water rights and the use of the water in the brook in the manner claimed.  Even assuming that there is not sufficient evidence of a grant by deed of its rights in the Miles dam and the pipe running from it, there is abundant testimony of open adverse user under a claim of right sufficient to establish a prescriptive right in plaintiff.

Nor do I think the evidence shows any abandonment of any of these easements.  Mere non-user does not constitute an abandonment.  *Welsh* v. *Taylor,* 134 N. Y. 450.

I do not think the contention of the defendant that the right reserved in the deed of Schultz to Gregory to the use of water " for the purpose of supplying water to steam boilers, engines, etc." restricted it to that particular use.  Such a restriction relates to the

*Affirmed by the Appellate Division, Second Department, December 20, 1918.— [REPR.

quantity of water which may be used under the grant; not the particular purpose. *Carthage T. P. Mills* v. *Village of Carthage,* 200 N. Y. 1.

Decision and judgment in conformity with this opinion may be settled on notice.

Judgment accordingly.